**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALFREDO LIM REYES, | No. 13-72704 |
| Petitioner, | |
| v. | Agency No. A070-223-999 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 21, 2015[**]

Before:      CANBY, GOULD, and N.R. SMITH, Circuit Judges.

Alfredo Lim Reyes, a native and citizen of the Philippines, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for asylum

and withholding of removal.  We have jurisdiction under 8 U.S.C. § 1252.  We

---

      [*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

      [**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

review for substantial evidence factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the petition for review.

Substantial evidence supports the agency's finding that, even if Reyes was credible, Reyes's problems with the New People's Army in the Philippines did not rise to the level of persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003); *see also Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) ( "Threats standing alone ... constitute past persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual suffering or harm.") (internal quotation and citation omitted). Substantial evidence also supports the agency's finding that Reyes did not demonstrate a well-founded fear of persecution in the Philippines. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution too speculative). Thus, Reyes's asylum claim fails.

Because Reyes failed to meet the lower standard of proof for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Zehatye*, 453 F.3d at 1190. We reject Reyes's contention that the BIA denied his withholding of removal claim without fully considering record evidence. We also reject Reyes's contention regarding the inadequacies in the IJ's denial of withholding of removal. *See Ghaly v. INS*, 58 F.3d 1425, 1430 (9th Cir. 1995)

("Any error committed by the IJ will be rendered harmless by the Board's application of the correct legal standard.").  Thus, Reyes's withholding of removal claim fails.

This dismissal is without prejudice to petitioner's seeking prosecutorial discretion or deferred action from the Department of Homeland Security.  *See Reno v. American-Arab Anti-Discrimination Committee (AADC)*, 525 U.S. 471, 483-85 (1999) (stating that prosecutorial discretion by the agency can be granted at any stage, including after the conclusion of judicial review).

**PETITION FOR REVIEW DENIED.**